# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANGELA SANDERS,                          )
                                         )
                    Plaintiff,           )
vs.                                      )
                                         )
STATE OF OKLAHOMA ex rel.                )        NO.  CIV-15-0703-HE
OKLAHOMA WORKERS'                        )
COMPENSATION COMMISSION, *et al.,*       )
                                         )
                    Defendants.          )

## ORDER

Plaintiff Angela Sanders ("Sanders") filed this action against her former employers,

alleged to be the Oklahoma Workers' Compensation Commission (the "Commission") and

the Oklahoma Workers' Compensation Court of Existing Claims (the "CEC").  She also

asserts individual claims against Rick Farmer ("Farmer"), the executive director of the

Commission, and against Troy Wilson ("Wilson") and Robert Gilliland ("Gilliland"),

members of the Commission.  The Amended Complaint (the "complaint") asserts claims

under both federal and state law.  Defendants Commission, Farmer, and Gilliland and

defendant CEC have filed two separate motions to dismiss.  The motions generally assert a

failure to state a claim, but also allege jurisdictional grounds as to certain claims.

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6),

the court accepts all well-pleaded factual allegations as true and views them in the light most

favorable to the plaintiff as the nonmoving party.  S.E.C. v. Shields, 744 F.3d 633, 640 (10th

Cir. 2014).  The complaint need only present "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must, however, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Considering plaintiff's claims under this standard, the motion to dismiss filed by the CEC will be granted. The motion of the Commission and individual defendants will be granted in part and denied in part.

## Background

According to the complaint, Sanders began working for the Oklahoma Workers' Compensation Court in June 2000. In 2014, Oklahoma restructured its workers' compensation system. The Oklahoma Workers' Compensation Court was replaced with an administrative system administered by the Commission. Then-pending claims were to be handled by the CEC. See Administrative Workers' Compensation Act, 85A Okla. Stat. §§ 1 et seq.) ("the Act"). Under the Act, all personnel, assets, financial obligations, and the like of the Oklahoma Workers' Compensation Court were transferred to the Commission. 85A Okla. Stat. § 124(A)(1).

According to the complaint, plaintiff and certain other employees transferred to the Commission continued to perform some tasks for the CEC, and a sort of "shared pool" arrangement was in place for the two entities. The complaint also alleges that, at some point,

a memo was issued which created a budget line for the CEC and which directed certain employees to work under the direction of a judge of the CEC. The complaint further alleges that, in June and July of 2014, the Commission and the CEC agreed to separate their funding and personnel, that the CEC was given the option of designating which employees it wanted to retain for its functions, and that plaintiff was not among those designated by the CEC. The complaint indicates that plaintiff was terminated on July 9, 2014.

The complaint alleges that plaintiff administratively exhausted her discrimination charges by a timely filing with the EEOC. It also alleges she gave notice of a governmental tort claim on September 11, 2014, which was deemed denied, and that this case was timely brought as against the filing limits for tort claims against the State of Oklahoma.

Sanders asserts eleven claims. The first claim is against the Commission and the CEC, seeking a declaratory judgment that her termination was contrary to the Act, in particular its provision that "[t]here shall be no reduction-in-force as a result of the transfer." She also seeks a declaration that the termination decision violated Oklahoma's Open Meetings Act, 25 Okla. Stat. §§ 301 et seq., because the notice for the meeting at which the termination decision was made did not spell out with specificity what was to be considered. The second claim asserts violation of plaintiff's due process rights under the Oklahoma Constitution, Article 2 § 7. The third claim asserts a tort pursuant to Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989), for wrongful termination in violation of public policy based on the Administrative Workers' Compensation Act, the Open Meeting Act, and the Oklahoma Constitution. The fourth claim alleges age discrimination contrary to the Oklahoma Anti-

Discrimination Act, 25 Okla. Stat. §§ 1101 et seq. ("OADA"). The fifth claim alleges

discrimination in employment on the basis of religion, as prohibited by the OADA and by

Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. Claim six is for

tortious interference with contract. Claim seven is for tortious interference with prospective

economic advantage.

In the eighth claim, Sanders asserts her termination was in retaliation for her use of

medical leave, contrary to the Family and Medical Leave Act, 29 U.S.C.A. §§ 2601 et seq.

("FMLA"). Claim nine asserts a Burk tort based on violation of state policy regarding

FMLA-qualifying leave, referencing 74 Okla. Stat. § 840-2.22 and personnel administration

rules in the Oklahoma Administrative Code for expressions of the pertinent public policy.

The tenth claim asserts discrimination on the basis of disability in violation of the

Rehabilitation Act. Finally, claim eleven asserts retaliatory discharge in violation of the

Oklahoma Workers' Compensation Act.

Claims two and eight are asserted against all defendants. Claims six and seven are

asserted only against the individual defendants (Farmer, Wilson and Gilliland). Claim five

is asserted only against the Commission.[1] The remaining claims are asserted against the

Commission and the CEC.

---

[1]*Sanders dismissed claim five as against the CEC. Doc. No. 28*

Discussion

CEC motion

Defendant CEC has moved to dismiss the claims against it on the basis that it is not Sanders's employer. It relies principally on 85A Okla. Stat. § 124(A)(1), which addressed the elimination of the prior Workers Compensation Court and provides:

> All unexpended funds, assets, property, records, <u>personnel</u> and any outstanding financial obligations and encumbrances of the Workers' Compensation Court before February 1, 2014, are hereby transferred to the Workers Compensation Commission. The personnel transferred shall retain leave, sick and annual time earned and any retirement and longevity benefits which have accrued during their employment with the state. The salaries of employees who are transferred shall not be reduced as a direct and immediate result of the transfer. There shall be no reduction-in-force as a result of the transfer. (Emphasis added.)

The CEC essentially argues that it was not the plaintiff's "employer" for purposes of the federal statutory claims and certain of the parallel state claims, and that it therefore could not have taken acts such as would be a basis for liability on the remaining claims. Plaintiff counters that the Commission and the CEC should be viewed as joint employers, relying on the complaint's allegations that plaintiff actually performed duties for the CEC or was assigned to CEC functions. <u>See</u> <u>generally</u>, <u>Bristol v. Bd. of Cty. Comm'rs</u>, 312 F.3d 1213, 1218 (10th Cir. 2002) (discussing joint employer test).

Plaintiff's argument is unpersuasive. The court can discern no reason to look behind the Oklahoma Legislature's explicit statement as to what entity the Workers' Compensation Court's employees were transferred to, and by whom they were employed—the Commission. That some of the employees were assigned to or performed functions for the CEC, as alleged

5

in the complaint, is not necessarily inconsistent with that employment status and provides no basis for overriding what is, in this circumstance, essentially a conclusion of law rather than an issue of fact. Further, plaintiff appears to have acknowledged she became a Commission employee after the reorganization. In the notice of tort claim she filed, she alluded to the reorganization and stated: "All OWCC employees were transferred to either the Commission or the Court. Sanders became an employee of the Commission." Doc. 22 ex. 1, p. 2 (emphasis added).[2]

Further, the court can discern no reason for belaboring the "joint employer" question here.[3] The Commission is a unit of Oklahoma state government. The CEC is a unit of Oklahoma state government. So plaintiff is a state employee. If she prevails on any of her claims, her recovery will be against the State of Oklahoma, and the application of "joint employer" theories appears pointless.

In any event, the complaint states no basis for separate claims against the CEC and its motion to dismiss will be granted. The balance of this order addresses the motion of the Commission and the individual defendants.

---

[2]*As plaintiff notes, the notice was directed to the CEC in addition to the Commission and its officers. But that circumstance does not undercut the plain language of the notice. The tort claims notice was provided via defendants' response, but may be considered on a motion to dismiss where it is central to the plaintiff's claim and its contents are not subject to dispute. GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384–85 (10th Cir. 1997).*

[3]*This case is unlike McClellan v. Bd. of County Comm'rs of Tulsa County, Case No. 07-CV-36-TCK-FHM, 2010 WL 4636328 (N.D. Okla. 2010), referenced by both parties, in that McClellan addressed the joint employer question in the context of a state entity (a state court unit) and a political subdivision of the state (Tulsa County). Here, both the Commission and CEC are state departments/entities.*

Claim Two (Due Process—Oklahoma Constitution)

The Commission and individual defendants seek dismissal of this claim, at least to the extent that it seeks to proceed as a claim independent of, or outside of, the Oklahoma Governmental Tort Claims Act ("OGTCA"). Plaintiff doesn't explicitly say what she thinks is the basis for a damages remedy based on a state constitutional provision and the court concludes there is no independent claim in the circumstances existing here.

In general, damages claims against a state are barred by the doctrine of sovereign immunity. See Freeman v. State, 145 P.3d 1078, 1078–79 (Okla. 2006); see also 51 Okla. Stat. § 152.1(A). Oklahoma has waived that immunity for tort claims, in accordance with, and subject to the limits of, the OGTCA. The OGTCA defines a "tort" to include wrongs, arising independent of contract, involving violation of a duty imposed by statute or the Oklahoma Constitution. 51 Okla. Stat. § 152(14). Therefore, to the extent plaintiff has property or other rights arising from the "transfer" language of the Act or from the Open Meeting Act, and which are violated by her termination, she has a right to bring a tort claim under the OGTCA. However, under the OGTCA, the state's liability is exclusive and in place of the potential liability of any particular state employee, so long as the employee's conduct was not outside the scope of his employment or committed in bad faith or with malice. 51 Okla. Stat. § 153(A); Tuffy's Inc. v. City of Oklahoma City, 212 P.3d 1158 (Okla. 2009). Here, the complaint includes no suggestion that the acts of the individual defendants were either outside the scope of their employment or committed in bad faith. There is therefore no claim stated against the individual defendants under the OGTCA.

To the extent plaintiff suggests she has some claim independent of the OGTCA, there is none in these circumstances. The Oklahoma Supreme Court has recognized a private right of action for constitutional violation in some circumstances, notwithstanding the limitations of the OGTCA. *See* <u>Bosh v. Cherokee Cty. Bldg. Auth.</u>, 305 P.3d 994 (2013) (excessive force claim in detention setting). However, such a claim does not arise if there is some other remedy, such as a claim under the OGTCA, available. <u>Perry v. City of Norman</u>, 341 P.3d 689, 692–93 (Okla. 2014). Here, plaintiff has not suggested that an OGTCA claim is unavailable. Indeed, the complaint makes clear that she submitted a notice of claim on the assumption such a claim <u>was</u> available. As a result, there is no basis for arguing that <u>Bosh</u> authorizes a claim independent of the OGTCA.

Defendants make the further argument that the "transfer" language of 85A Okla. Stat. § 124(A) is insufficient to create a property interest in continued employment and hence a basis for a due process claim. It is less than obvious that a termination several months after the particular reorganization would necessarily violate that language, as there is no reason to believe the legislature intended to create some permanently protected class of employees regardless of timing or circumstances. However, it is premature to attempt to resolve that issue on a motion to dismiss and the court leaves it for another day.

Defendants' motion to dismiss will be granted as to the second (state constitutional) claim to this extent: the claims against the individual defendants are dismissed;[4] the claim

---

[4]*Apparently, defendant Wilson has still not been served. However, as he appears to be situated identically to defendant Gilliland, this dismissal will apply to Wilson as well.*

against the Commission is dismissed to the extent that it purports to assert anything more than an OGTCA claim.

Claim Three (Burk Tort)

Defendants have moved to dismiss the third claim on the basis that the Oklahoma Anti-Discrimination Act abolished common law remedies for employment discrimination suits.  See 25 O.S. § 1350.  In response, Sanders argues that her Burk claim is not one for discrimination in employment but for violation of the Oklahoma Constitution and statutes protecting her position from being eliminated as a result of reduction-in-force.  That argument cannot be made with a straight face.  Plaintiff's claims are obviously and clearly "employment based" and allegedly based on discrimination due to her age, use of FMLA leave and the like.   The purported Burk tort claim will be dismissed.

Claims Six and Seven (tortious interference)

Plaintiff's claims for tortious interference with contract and interference with prospective economic advantage are asserted only against the individual defendants. Defendants seek dismissal of those claims on multiple grounds, but only one need be noted here.  Under Oklahoma law, an agent or employee of a contracting party may not be held liable for interfering with the principal's contract with a third party unless the agent/employee's actions were "in bad faith and contrary to the interests of the employer. . . ."  Martin v. Johnson, 975 P.2d 889, 896 (Okla. 1998); see also, Graham v. Cargill, Inc., Case No. CIV-10-0977-HE, 2011 WL 5429316 (W.D.Okla. 2011).  Similarly, tortious interference with prospective economic advantage requires bad faith and primary intent to

9

interfere with a business expectancy. Boyle Servs., Inc. v. Dewberry Design Grp., Inc., 24 P.3d 878, 880 (Okla. Civ. App. 2001); McNickle v. Phillips Petroleum Co., 23 P.3d 949, 953 (Okla. Civ. App. 1999). Here, the complaint alleges nothing that would support an inference of bad faith on the part of the individual defendants or which suggests anything they did was pursuant to some separate agenda of their own. Indeed, beyond noting his membership on the Commission, the complaint does not mention Gilliland at all. The complaint fails to state a claim against the individual defendants for tortious interference.

Claim Eight (FMLA Retaliation)

Under the FMLA, an employee may take medical leave to care for a spouse, child, or parent of the employee, or as a result of the employee's own serious health condition. 29 U.S.C. § 2612(a)(1). The first circumstance is often called the family-care provision and the second is called the self-care provision. An employee may not be retaliated against for exercising FMLA rights.

The Commission has moved to dismiss this claim on the basis of sovereign immunity. It correctly notes that the United States Supreme Court has held that state sovereign immunity was not abrogated by Congress with respect to the self-care provision. Coleman v. Ct. App. of Md., __ U.S. __, 132 S. Ct. 1327, 1332 (2012). However, Congress has abrogated sovereign immunity as to the family-care provision. Nev. Dep't of Human Resources v. Hibbs, 538 U.S. 739, 725–726, 740 (2003). Therefore, any claim against the

Commission based on the self-care provision is barred by sovereign immunity.[5]

Sovereign immunity does not ordinarily bar a claim asserted against a state official in the officer's individual capacity, <u>Larson v. Domestic & Foreign Commerce Corp.</u>, 337 U.S. 682, 686–87 (1949), and individual supervisors may conceivably be liable as "employers" under the definition of that term applicable in FMLA cases, 29 U.S.C. § 2611(4)(A)(ii) (defining "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer"). However, defendants Farmer and Gilliland have moved to dismiss the FMLA claim here on the basis that the complaint alleges nothing as to them which might be the basis for an FMLA violation. Their motion will be granted. The complaint includes no factual allegations as to anything done by Farmer, Gilliland or Wilson as a basis for liability against them.[6]

<u>Claim Nine (Burk Tort for Violation of FMLA rights under state law)</u>

The Commission has moved to dismiss the ninth claim based on Eleventh Amendment immunity. Plaintiff's response does not directly challenge that assertion but addresses issues

---

[5]*Although the complaint refers to retaliation for plaintiff's use of medical leave "for self-care and the care of immediate family members" [Doc. No. 7, p. 17], plaintiff now indicates she did not intend to pursue a claim based on self care.*

[6]*The individual defendants have asserted a defense of qualified immunity, apparently as to all the claims against them. However, none of the claims asserted against them in this suit are based on 42 U.S.C. § 1983, and defendants' submissions do not include any authority supporting the application of such a defense in other contexts. However, as claims are not stated against the individual defendants anyway, it is unnecessary to determine now whether qualified immunity or some other immunity or privilege applies to them and their actions.*

of sovereign immunity generally.[7] She does not suggest that Oklahoma has waived its Eleventh Amendment immunity nor does she suggest any other basis for avoiding the impact of Eleventh Amendment immunity. The Commission's motion will be granted as to this claim.

Claim Ten (Disability Discrimination under the Rehabilitation Act)

The Commission has moved to dismiss Sanders's tenth claim on the basis of immunity and other arguments. However, plaintiff has clarified that her tenth claim is under the Rehabilitation Act, 29 U.S.C. § 701 et seq. The Rehabilitation Act expressly abrogates states' immunity from suit in federal court with respect to those departments and agencies that accept federal funds. Arbogast, 789 F.3d at 1182–83 (discussing 42 U.S.C. § 2000d-7(a)(1)). On the present submissions, defendant does not present a persuasive basis for dismissing this claim.

## Conclusion

The motion to dismiss filed by the CEC [Doc. No. 22] is **GRANTED** and the claims against it are **DISMISSED**. The motion of the Commission, Farmer, and Gilliland [Doc. No. 26] is **GRANTED** in part and **DENIED** in part, as described above. The dismissed claims include those against defendant Wilson. The claims remaining for resolution against the Commission are claims one and two, to the extent they are substantially OGTCA claims,

---

[7]*Eleventh Amendment immunity involves whether a State is subject to suit in federal court and is not the same as sovereign immunity generally. A state may waive its sovereign immunity without necessarily consenting to suit in federal court, i.e. Eleventh Amendment immunity. Arbogast v. Kan. Dep't of Labor, 789 F.3d 1174, 1181 n. 3 (10th Cir. 2015).*

claim four (age discrimination), claim five (religious discrimination), claim eight (FMLA as to care of others), claim ten (Rehabilitation Act), and claim eleven (workers' compensation retaliation).

**IT IS SO ORDERED**.

Dated this 2nd day of May, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE